## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANE VENKATESAN,** | : | **Civil No. 1:11-CV-1805** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **THOMAS J. MCVOY, U.S. DISTRICT** | : | |
| **JUDGE** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is a *pro se* civil rights complaint filed by the plaintiff, Shane Venkatasen, on September 29, 2011. (Doc. 1)  The plaintiff's complaint names a federal district judge in the Northern District of New York as a defendant, and contains a confused and confusing factual recital. (Id.)  According to the complaint, the plaintiff seeks "an expediated [sic] trial date." (Id.)  This urgent, but obscure, relief is sought based on allegations that seem to begin in 1971, and include assertions that the defendant "exhibited his arrogance for prejudicial treatment upon filing the docket papers on or about 1995," and "laundered all of the money that belonged to the plaintiff for unknown reasons". (Id.)  On the basis of these opaque assertions, Venkatasen

demands wide-ranging, but largely undefined, injunctive relief "from [19]71 untill [sic] now and further." (Id.)

Along with his complaint Mr. Venkatasen filed a motion for leave to proceed *in forma pauperis*. (Doc. 2)  For the reasons set forth below, we will GRANT this motion for leave to proceed *in forma pauperis* (Doc. 2), but recommend that the Court dismiss Venkatasen's complaint for failure to state a claim upon which relief can be granted.

## II.   Discussion

### A.   Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which  seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  With respect to

2

this benchmark standard for legal sufficiency of a complaint, the United States Court

of Appeals for the Third Circuit has aptly noted the evolving standards governing

pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>,

20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v.</u>

<u>Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court

need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

<u>Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic</u>

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this

analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint names proper parties to the lawsuit.

### B. Mr. Venkatsen's Complaint Fails to State a Claim Upon Which Relief Can be Granted.

In this case Mr. Venkatasen's *pro se* amended complaint is subject to dismissal for failure to state a claim upon which relief can be granted.  The initial review of the plaintiff's complaint has identified the following four fundamental deficiencies in this pleading.

### (1)    The Complaint Violates Rule 8

First, Venkatasen's complaint violates Rule 8's requirement that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon

County, 219 F. App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005)

In this case, rather than being "a short and plain" statement of a cause of action, the complaint filed by Venkatsen is "illegible . . . incomprehensible",  Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007), and "also largely unintelligible." Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir. 2007). Moreover, the complaint lacks any discernible context, content or comprehensibility. Indeed, some aspects of the pleadings defy comprehension, such as Venkatasen's assertions that  the defendant "exhibited his arrogance for prejudicial treatment upon filing the docket papers on or about 1995", and "laundered all of the money that belonged to the plaintiff for unknown reasons". (Id.)  In the absence of a clear, concise and comprehensible statement of a cause of action, it simply is not possible for this Court to provide relief to Mr. Venkatasen, or even understand his claims.

Therefore, the complaint should be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.

**(2)    The Judicial Official Named in This Lawsuit Is Entitled to Immunity from Lawsuit.**

Moreover, to the extent that Venkatsen seeks in his complaint to hold a federal judge personally liable for civil rights violations, it is well-settled that such an official is individually cloaked with immunity from liability.  The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities.  In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n. 20  (grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d. Cir. 1986)(parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.

These longstanding common law immunities for judicial officials apply here and also prevent Venkatasen from maintaining this civil action against this judge. Simply put, this judge is entitled to judicial immunity for his actions as a judicial

officer. <u>Kwasnik v. Leblon</u>, 228 F.App'x 238, 243 (3d Cir. 2007).  As the Third

Circuit explained when it rejected a similar effort to impose personal civil rights

liability on a judge, this immunity is both broad and absolute:

> A judicial officer in the performance of his or her duties has absolute
> immunity from suit. <u>Mireles v. Waco</u>, 502 U.S. 9, 12, 112 S.Ct. 286, 116
> L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because
> the action he took was in error, was done maliciously, or was in excess
> of his authority; rather, he will be subject to liability only when he has
> acted in the 'clear absence of all jurisdiction.' " <u>Stump v. Sparkman</u>, 435
> U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation
> omitted).

<u>Kwasnik</u>, 228 F. App'x at 243.

In short, since this judicial officer is immune from liability for his judicial acts,

Venkatasen simply may not maintain an action against this defendant and his claims

against this judge must be dismissed.

### (3)    The Complaint Is Time-Barred

Further, when conducting a screening review of a *pro se* complaint under 28

U.S.C. § 1915, a court may consider whether the complaint is barred under the

applicable statute of limitations.  As the United States Court of Appeals for the Third

Circuit recently explained when it affirmed the screening dismissal of a *pro se*

complaint on statute of limitations grounds:

Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense,  district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, the Court finds that the allegations in this *pro se* complaint are clearly subject to dismissal on statute of limitations grounds. Specifically, this complaint, which alleges unidentified misconduct  beginning in 1971, was first filed on September 29, 2011,  more than four *decades* after the first events complained of by Venkatsen.  Therefore, the complaint is simply time-barred by the two year statute of limitations generally applicable to civil rights matters.

It is well-settled that civil rights claims are typically subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S. § 5524.  A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations.  For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].  On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).  Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice,

an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." <u>Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.</u>, 927 F.2d 1283, 1295 (3d Cir.1991).In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." <u>West</u>, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. <u>See id.</u> at 755 n. 9 (citing <u>Berry v. Board of Supervisors of Louisiana State Univ.</u>, 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. <u>See</u> <u>Berry</u>, 715 F.2d at 981.

<u>Cowell v. Palmer Township</u>. 263 F.3d 286, 292 (3d Cir. 2001)

In this case, Mr. Venkatasen complains about events which took place as early as 1971. To the extent that these events entailed violations of the plaintiff's constitutional rights, those violations would have been apparent when they first occurred, in the 1970's, four decades ago, and would have long ago had a degree of permanence which should have triggered the plaintiff's awareness of his duty to assert his rights.  Thus, in this case a straightforward application of the two-year statute of limitations also compels dismissal of this action as untimely.

### (4)     Venue Is Improper in This District

Finally, venue does not lie over these claims in this district.  This case is defined by Venkatasen as a federal civil rights action.  In such cases, where alleged violations of the United States Constitution form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of New York, and it appears that all of the defendants either reside in, or may be found in the Northern District of New York. Therefore, it appears evident from the plaintiff's complaint that venue over this matter lies in the United States District Court for the Northern District of New York.

While an objection to venue may be waived by a defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the plaintiff notice of its concerns and an opportunity to be heard on the

issue. <u>See e.g.</u>, <u>Stjernholm v. Peterson</u>, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986).  By this report and recommendation we are providing such notice to the plaintiff in this case.

When it appears that a case has been brought in the wrong venue, there are two remedies available to the court.  First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and  Rule 12(b)(3) of the Federal Rules of Civil Procedure.  However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs.  Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.

28 U.S.C. § 1406(a).

In this case, it is submitted that the Court should also on venue grounds either dismiss this case pursuant to 28 U.S.C. § 1406(a), or in the alternative order this case

transferred to the United States District Court for the Northern District of New York for further proceedings.

Having concluded that this *pro se* complaint is flawed in multiple, and profound, ways, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the current complaint fails to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of this complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Therefore, it is recommended that the complaint be dismissed without further leave to amend.

## III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of October, 2011.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge